THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PROKOP LABS, LLC, a Washington limited liability company,<br><br>                Plaintiff,<br><br>    v.<br><br>STAPLES, INC., a Delaware corporation; STAPLES THE OFFICE SUPERSTORE LLC, a Delaware limited liability company; BELKIN, INC., a Delaware corporation; BELKIN LOGISTICS, INC., a Delaware corporation; SP RICHARDS CO., a Georgia corporation; and VELO ENTERPRISE CO., LTD., a Taiwan corporation,<br><br>                Defendants. | No. 07-1094 MJP<br><br>DEFENDANT S.P. RICHARDS CO.'S ANSWER TO COMPLAINT AND CROSS-CLAIM<br><br><br>JURY TRIAL DEMANDED |

Defendant S.P. Richards Co. ("S.P. Richards") answers the Complaint for Patent

Infringement ("Complaint") of Plaintiff Prokop Labs, LLC ("Prokop Labs") as follows:

DEFENDANT S.P. RICHARDS
CO.'S ANSWER TO COMPLAINT- 1

MERRICK, HOFSTEDT & LINDSEY, P.S.
ATTORNEYS AT LAW
710 Ninth Avenue
SEATTLE, WASHINGTON 98104
(206) 682-0610

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.     AS TO NATURE OF THE ACTION

1.      S.P. Richards admits that Plaintiff purports to assert an action arising under the United States Patent Laws, but denies that S.P. Richards has committed any acts of patent infringement or any other wrongful act.  S.P. Richards admits that a copy of U.S. Patent No. 5,566,913 (the "913 patent) entitled "Wrist Rest Apparatus" is attached as Exhibit A to the Complaint.  S.P. Richards is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 as they relate to other defendants, and therefore denies the same.  S.P. Richards denies all remaining allegations contained in paragraph 1.

## II.     AS TO PARTIES

2.      S.P. Richards is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2, and therefore denies the same.

3.      S.P. Richards is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3, and therefore denies the same.

4.      S.P. Richards is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4, and therefore denies the same.

5.      S.P. Richards is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5, and therefore denies the same.

6.      S.P. Richards is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6, and therefore denies the same.

7.      S.P. Richards admits that it is a Georgia corporation with its principal place of business in Smyrna, Georgia.  SP Richards admits that it sells the Compucessory™ products in the

DEFENDANT S.P. RICHARDS
CO.'S ANSWER TO COMPLAINT- 2

MERRICK, HOFSTEDT & LINDSEY, P.S.
ATTORNEYS AT LAW
710 NINTH AVENUE
SEATTLE, WASHINGTON  98104
(206) 682-0610

state of Washington.  S.P. Richards denies that it has committed any acts of patent infringement or any other wrongful act, and denies the remaining allegations contained in paragraph 7.

8.      S.P. Richards is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Defendant Velo Enterprise Co., Ltd. and the other defendants contained in paragraph 8, and therefore denies the same.  S.P. Richards denies that it has committed any acts of patent infringement or any other wrongful act.

### III.     AS TO JURISDICTION AND VENUE

9.      S.P. Richards admits that this Court has subject matter jurisdiction over this action and personal jurisdiction over S.P. Richards.  S.P. Richards denies that it has committed any acts of patent infringement or any other wrongful act.  S.P. Richards is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 as they relate to other defendants, and therefore denies the same.

10.     S.P. Richards admits that venue is proper in this judicial district as to S.P. Richards.

### IV.     AS TO PERTINENT FACTS

11.     S.P. Richards admits the allegations contained in the first sentence of paragraph 11. S.P. Richards is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore denies the same.

12.     S.P. Richards is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 as they relate to other defendants, and therefore denies the same.

13.     S.P. Richards is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 as they relate to other defendants, and therefore denies the same.

DEFENDANT S.P. RICHARDS
CO.'S ANSWER TO COMPLAINT- 3

14.     S.P. Richards denies the allegations contained in paragraph 14.

15.     S.P. Richards is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 as they relate to other defendants, and therefore denies the same.  S.P. Richards denies that it has committed any acts of patent infringement or any other wrongful act.

### V.     AS TO CLAIM FOR ALLEGED '913 PATENT INFRINGEMENT

16.     S.P. Richards incorporates its answers to paragraphs 1 through 15 as if fully set forth herein.

17.     S.P. Richards denies all allegations contained in paragraph 17 as they relate to S.P. Richards.  S. P. Richards is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 as they relate to other defendants, and therefore denies the same.

18.     S.P. Richards denies all allegations contained in paragraph 18 as they relate to S.P. Richards.  S. P. Richards is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 as they relate to other defendants, and therefore denies the same.

19.     S.P. Richards denies all allegations contained in paragraph 19 as they relate to S.P. Richards.  S. P. Richards is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 as they relate to other defendants, and therefore denies the same.

### VI.     AS TO JURY TRIAL DEMAND

20.     S.P. Richards admits that the plaintiff demands a trial by jury.

DEFENDANT S.P. RICHARDS
CO.'S ANSWER TO COMPLAINT- 4

## VII.   AS TO PRAYER FOR RELIEF

21.     S.P. Richards denies that Plaintiff is entitled to any relief against S.P. Richards, including, but not limited to, the relief prayed for in paragraphs A through F in the Prayer for Relief of the Complaint.

22.     Except as set forth herein, S.P. Richards denies all allegations contained in the Complaint.

### DEFENSES

23.     S.P. Richards states the following separate defenses without assuming the burden of proof that otherwise would rest with Plaintiff.

### FIRST DEFENSE

24.     The Complaint fails to state a claim against S.P. Richards upon which relief can be granted.

### SECOND DEFENSE

25.     S.P. Richards does not infringe, either literally or under the doctrine of equivalents, nor contributed to infringement by others, nor actively induced others to infringe, any valid claim of the '913 patent.

### THIRD DEFENSE

26.     The claims of the '913 patent are invalid, void, and/or unenforceable for failure to comply with the patent laws, including, without limitation, 35 U.S.C. §§ 102, 103 and/or 112 and other requirements of Title 35 of the United States Code.

### FOURTH DEFENSE

27.     Plaintiff is estopped and barred by any representations and/or actions taken during the prosecution of the '913 patent pursuant to the doctrine of prosecution history estoppel.

DEFENDANT S.P. RICHARDS
CO.'S ANSWER TO COMPLAINT- 5

1

**FIFTH DEFENSE**

2

28.     Plaintiff did not provide S.P. Richards with actual notice of the alleged claim before

3

commencing suit and Plaintiff's damages against S.P. Richards, if any, are limited by the

4

provisions of 35 U.S.C. §§ 286 and/or 287.

5

**SIXTH DEFENSE**

6

7

29.     Plaintiff's claims are barred by the doctrine of laches.

8

**SEVENTH DEFENSE**

9

30.     Plaintiff's claims are barred by the doctrine of estoppel.

10

**EIGHTH DEFENSE**

11

12

31.     S.P. Richards reserves the right to amend its Answer by adding defenses,

13

counterclaims, or other claims or actions as additional facts are obtained through investigation and

14

discovery.  S.P. Richards reserves, and does not waive, any of the defenses set forth in Fed. R. Civ.

15

P. 8(c) or any other matter constituting an avoidance or affirmative defense, as discovery may

16

reveal to be applicable.

17

WHEREFORE, S.P. Richards respectfully requests:

18

A.     That the Court dismiss Plaintiff's Complaint against S.P. Richards with prejudice,

19

and deny all relief sought in Plaintiff's Complaint.

20

21

B.     That the Court enter judgment that S.P. Richards has not infringed the '913 patent.

22

C.     That the Court enter judgment that the '913 patent is invalid and unenforceable.

23

D.     That the Court find that this is an "exceptional" case and award S.P. Richards its

24

reasonable costs and attorney's fees pursuant to 35 U.S.C. § 285;

25

E.     That the Court award S.P. Richards such other relief as the Court deems just and

26

proper, and

27

28

DEFENDANT S.P. RICHARDS
CO.'S ANSWER TO COMPLAINT- 6

F.      That the Court order a trial by jury on all appropriate issues.

## DEFENDANT/CROSS-CLAIM PLAINTIFF S.P. RICHARDS CO.'S CROSS-CLAIM AGAINST DEFENDANT/CROSS-CLAIM DEFENDANT VELO ENTERPRISE COMPANY, LTD.

COMES NOW Defendant/Cross-Claim Plaintiff S.P. Richards Co. ("S.P. Richards") and pursuant to Fed. R. Civ. P. 13, files its Cross-Claim against Defendant/Cross-Claim Defendant Velo Enterprise Company, Ltd. ("Velo") and states as follows:

### I.      PARTIES

1.      Cross-Claim Plaintiff S. P. Richards is a Georgia corporation with its principal place of business at 6300 Highlands Pkwy. SE, Smyrna, GA 30082-7231 and is a leading wholesale distributor of office and other business products.

2.      Upon information and belief, Cross-Claim Defendant Velo is a corporation located in Taichung, Hsien, Taiwan.

### II.      JURISDICTION AND VENUE

3.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1367 and/or 1338.

4.      Venue is proper in this Court under 28 U.S.C. §§ 1391(d) and 1400(b).

### III.      FACTS

5.      Velo manufactures and sells the gel wrist rests and mousepads which S.P. Richards markets and sells under the Compucessory® brand name.

6.      S.P. Richards buys the Velo gel wrist rests and mousepads from third party suppliers, Aidma Enterprise Co., Ltd., and Aidata U.S.A. Co., Ltd in the United States.

DEFENDANT S.P. RICHARDS
CO.'S ANSWER TO COMPLAINT- 7

MERRICK, HOFSTEDT & LINDSEY, P.S.
ATTORNEYS AT LAW
710 NINTH AVENUE
SEATTLE, WASHINGTON  98104
(206) 682-0610

7.     In Paragraph 14 of the Complaint, Plaintiff Prokop Labs, LLC alleges that the Velo gel wrist rest and mousepads purchased by S.P. Richards infringe U.S. Patent No. 5,566,913.

## COUNT 1: INDEMNIFICATION UNDER UNIFORM COMMERCIAL CODE

8.     S.P Richards incorporates herein and realleges, as if fully set forth in this Paragraph, the allegations in Paragraphs 1-7 above, inclusive.

9.     S.P Richards has incurred, and will continue to incur loss, damage, cost and expense, including, but not limited to, attorneys' fees and expenses, as a result of this action.

10.    If S.P. Richards is found to infringe U.S. Patent No. 5,566,913, then Velo has failed to comply with its warranty of title and against infringements under Section 312 of Article Two of the Uniform Commercial Code in selling its product.  Therefore, Velo is liable for all of the loss, damage, cost and expense, including without limitation attorneys' fees and expenses that S.P. Richards has incurred from buying Velo's product.

## COUNT 2: COMMON LAW INDEMNIFICATION

11.    S.P Richards incorporates herein and realleges, as if fully set forth in this Paragraph, the allegations in Paragraphs 1-10 above, inclusive.

12.    S.P Richards has incurred, and will continue to incur loss, damage, cost and expense, including, but not limited to, attorneys' fees and expenses, as a result of this action.

13.    Under state common law, Velo must indemnify S.P. Richards to the extent that any of Velo's product sold to S.P. Richards is found to infringe U.S. Patent No. 5,566,913 in this action.

14.    Velo is obligated to indemnify for all of the loss, damage, cost and expense, including without limitation attorneys' fees and expenses that S.P. Richards has incurred in this action.

DEFENDANT S.P. RICHARDS
CO.'S ANSWER TO COMPLAINT- 8

#### IV.    RELIEF

WHEREFORE, S.P Richards respectfully requests that the Court grant it the following relief:

A.    Judgment in S.P Richards's favor and against Velo on all Counts contained in S.P. Richards' Cross-Claim;

B.    An award of damages for all loss, damage, cost and expense incurred by S.P. Richards in this case in an amount to be proven at trial.

C.    An award of damages for all costs and expenses, including reasonable attorneys' fees and costs, incurred by S.P. Richards in defending against Plaintiff's claims in an amount to be proven at trial;

D.    An award of pre- and post-judgment interest;

E.    All such other and further relief as the Court deems just and equitable; and

F.    That the Court order a trial by jury on all appropriate issues.


DATED this 16th day of October, 2007.

MERRICK HOFSTEDT & LINDSEY, P.S.

_____/s/Thomas R. Merrick_____
Thomas R. Merrick, WSBA #10945
Attorneys for Defendant S.P. Richards Co.

Of Counsel:
John M. Bowler, GA Bar No. 071770, Pro Hac Vice Application Pending
Julie A. Tennyson, GA Bar No. 702177, Pro Hac Vice Application Pending
TROUTMAN SANDERS LLP
Bank of America Plaza
600 Peachtree Street, N.E., Suite 5200
Atlanta, Georgia  30308-2216
Tel. (404) 885-3000
Fax: (404) 885-3900

MERRICK, HOFSTEDT & LINDSEY, P.S.
ATTORNEYS AT LAW
710 NINTH AVENUE
SEATTLE, WASHINGTON  98104
(206) 682-0610

1

**CERTIFICATE OF SERVICE**

2

   I hereby certify that on October 16, 2007, I electronically filed the foregoing with the Clerk of the Court using the

3

CM/ECF system which will send notification of such filing to the persons listed below:

4

Vision L. Winter

5

Ryan Yagura

6

Michael A. Moore

7

8

          MERRICK, HOFSTEDT & LINDSEY, P.S.

9

10

       By:/s/Marci L. Brandt
         Marci L. Brandt

11

12

         mbrandt@mhlseattle.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT S.P. RICHARDS
CO.'S ANSWER TO COMPLAINT- 10

MERRICK, HOFSTEDT & LINDSEY, P.S.
ATTORNEYS AT LAW
710 NINTH AVENUE
SEATTLE, WASHINGTON  98104
(206) 682-0610