The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PROKOP LABS, LLC, a Washington limited liability company,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>STAPLES, INC., a Delaware corporation; STAPLES THE OFFICE SUPERSTORE, LLC, a Delaware limited liability company; BELKIN, INC., a Delaware corporation; BELKIN LOGISTICS, INC., a Delaware corporation; S.P. RICHARDS CO., a Georgia corporation; and VELO ENTERPRISE CO., LTD, a Taiwan corporation,<br><br>　　　　Defendants. | No. C07-1094P<br><br>DEFENDANT VELO ENTERPRISE CO., LTD.'S ANSWER TO COMPLAINT AND ANSWER TO CROSS-CLAIM<br><br>JURY TRIAL DEMANDED |

Defendant Velo Enterprise Co., Ltd. ("Velo") herewith submits its Answer to the Complaint for Patent Infringement of Plaintiff Prokop Labs, LLC ("Prokop Labs") as follows:

DEFENDANT VELO ENTERPRISE CO., LTD.'S
ANSWER TO COMPLAINT (C07-1094 P)
- 1

Yarmuth Wilsdon Calfo PLLC
925 Fourth Avenue, Suite 2500
Seattle, WA 98104
Tel: (206) 516-3800
Fax: (206) 516-3888

## I. AS TO NATURE OF THE ACTION

1. Velo admits that Plaintiff purports to assert an action arising under the United States Patent Laws, but denies that Velo has committed any acts of patent infringement or any other wrongful act. Velo admits that a copy of U.S. Pat. No. 5,566,913 (the "'913 patent") entitled "Wrist Rest Apparatus" is attached as Exhibit A to the Complaint for Patent Infringement ("Complaint"). Velo is without sufficient knowledge or information to form a belief as to the truth of the remaining matters asserted in Paragraph 1, and therefore denies the same.

## II. AS TO PARTIES

2. Velo admits that Prokop asserts the facts contained in Paragraph 2 as true, but Velo is without sufficient knowledge or information to form a belief as to the truth of the matter asserted in Paragraph 2, and therefore denies the same.

3. Velo is without sufficient knowledge or information to form a belief as to the truth of the matter asserted in Paragraph 3, and therefore denies the same.

4. Velo is without sufficient knowledge or information to form a belief as to the truth of the matter asserted in Paragraph 4, and therefore denies the same.

5. Velo is without sufficient knowledge or information to form a belief as to the truth of the matter asserted in Paragraph 5, and therefore denies the same.

6. Velo is without sufficient knowledge or information to form a belief as to the truth of the matter asserted in Paragraph 6, and therefore denies the same.

7. Velo is without sufficient knowledge or information to form a belief as to the truth of the matter asserted in Paragraph 7, and therefore denies the same.

8. Velo admits that Defendant Velo Enterprise Co., Ltd., is a corporation located in Taichung, Hsien, Taiwan. Velo denies that it has committed any acts of patent infringement or

DEFENDANT VELO ENTERPRISE CO., LTD.'S
ANSWER TO COMPLAINT (C07-1094 P)
- 2

Yarmuth Wilsdon Calfo PLLC
925 Fourth Avenue, Suite 2500
Seattle, WA 98104
Tel: (206) 516-3800
Fax: (206) 516-3888

any other wrongful act, and denies the remaining matters asserted in Paragraph 8.

### III. AS TO JURISDICTION AND VENUE

9. Velo admits that this Court has subject matter jurisdiction over this action and personal jurisdiction over Velo. Velo denies that it has committed any acts of patent infringement or any other wrongful act. Velo is without sufficient knowledge or information to form a belief as to the truth of the remaining matter asserted in Paragraph 9 as they relate to other defendants, and therefore denies the same.

10. Velo admits that venue is proper in this judicial district as to Velo. Velo is without sufficient knowledge or information to form a belief as to the truth of the remaining matter asserted in Paragraph 10 as they relate to other defendants, and therefore denies the same.

### IV. AS TO PERTINENT FACTS

11. Velo admits the allegation contained in the first sentence of Paragraph 11. Velo is without sufficient knowledge or information to form a belief as to the truth of the remaining matter asserted in this paragraph, and therefore denies the same.

12. Velo is without sufficient knowledge or information to form a belief as to the truth of the matters asserted in Paragraph 12, and therefore denies the same.

13. Velo is without sufficient knowledge or information to form a belief as to the truth of the matters asserted in Paragraph 13, and therefore denies the same.

14. Velo denies the allegations contained in Paragraph 14.

15. Velo denies the allegations contained in Paragraph 15.

### V. AS TO CLAIM FOR '913 PATENT INFRINGEMENT

16. Velo incorporates its answers to Paragraphs 1 through 15 as if fully set forth herein.

DEFENDANT VELO ENTERPRISE CO., LTD.'S
ANSWER TO COMPLAINT (C07-1094 P)
- 3

Yarmuth Wilsdon Calfo PLLC
925 Fourth Avenue, Suite 2500
Seattle, WA 98104
Tel: (206) 516-3800
Fax: (206) 516-3888

17. Velo denies the allegations contained in Paragraph 17 as they relate to Velo. Velo is without sufficient knowledge or information to form a belief as to the truth of the remaining matters asserted in Paragraph 17 as they relate to other defendants, and therefore denies the same.

18. Velo denies the allegations contained in Paragraph 18 as they relate to Velo. Velo is without sufficient knowledge or information to form a belief as to the truth of the remaining matters asserted in Paragraph 18 as they relate to other defendants, and therefore denies the same.

19. Velo denies the allegations contained in Paragraph 19 as they relate to Velo. Velo is without sufficient knowledge or information to form a belief as to the truth of the remaining matters asserted in Paragraph 19 as they relate to other defendants, and therefore denies the same.

### VI. AS TO JURY TRIAL DEMAND

20. Velo admits that Plaintiff demands a trial by jury on all issues so triable.

### VII. AS TO PRAYER FOR RELIEF

21. Velo denies that Plaintiff is entitled to any relief against Velo, including, but not limited to, the relief prayed for in Paragraphs A through F in the Prayer for Relief of the Complaint.

22. Except as set forth herein, Velo denies all allegations contained in the Complaint.

### **DEFENSES**

23. Velo states the following separate defenses without assuming the burden of proof that otherwise would rest with Plaintiff.

DEFENDANT VELO ENTERPRISE CO., LTD.'S
ANSWER TO COMPLAINT (C07-1094 P)
- 4

Yarmuth Wilsdon Calfo PLLC
925 Fourth Avenue, Suite 2500
Seattle, WA 98104
Tel: (206) 516-3800
Fax: (206) 516-3888

### NON-INFRINGEMENT

24. Velo has not infringed any claim of the '913 patent, either literally or under the doctrine of equivalents, and is not liable as an infringer with respect to any claim of the '913 patent. Velo has not contributed to the infringement of any claim of the '913 patent, either literally or under the doctrine of equivalents. Velo has not induced the infringement of any of the claims of the '913 patent, either literally or under the doctrine of equivalents.

### INVALIDITY

25. The claims of the '913 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in the Patent Laws of the United States Code, Title 35, at least in Sections 102, 103, and 112.

### PROSECUTION HISTORY ESTOPPEL

26. By reason of statements made to the United States Patent and Trademark Office during prosecution of the application and re-examination of the '913 patent, the doctrine of prosecution history estoppel bars Plaintiff from asserting the scope of the claims of the '913 patent covers Velo's products.

### FAILURE TO PROVIDE NOTICE

27. Plaintiff did not provide Velo with actual notice of the alleged claim before commencing suit and Plaintiff's damages against Velo, if any, are limited by the provisions of 35 U.S.C. §§ 286 and/or 287.

### <u>OTHER DEFENSES</u>

28. Velo reserves the right to amend its Answer by adding defenses, counterclaims, or other claims or actions as facts are obtained through investigation and discovery. Velo reserves, and does not waive, any of the defenses set forth in Fed. R. Civ. P. 8(c) or any other matter constituting an avoidance or affirmative defense, as discovery may reveal to be applicable.

DEFENDANT VELO ENTERPRISE CO., LTD.'S
ANSWER TO COMPLAINT (C07-1094 P)
- 5

Yarmuth Wilsdon Calfo PLLC
925 Fourth Avenue, Suite 2500
Seattle, WA 98104
Tel: (206) 516-3800
Fax: (206) 516-3888

## COUNTERCLAIMS

29. Velo incorporates its answers to Paragraphs 1 through 15 as if fully set forth herein.

### DECLARATORY JUDGMENT OF NONINFRINGEMENT

30. Prokop alleges that Velo infringes and/or induces infringement of one or more claims of the '913 patent.

31. Velo has not infringed and is not infringing any valid claim of the '913 patent, either directly or by inducement.

32. An actual controversy exists between counterclaimants Velo and counterclaim defendant Prokop as to whether Velo infringes any claim of the '913 patent.

33. Velo requests declaratory judgment that it does not infringe any claim of the '913 patent.

### DECLARATORY JUDGMENT OF INVALIDITY

34. On information and belief, the '913 patent is invalid for failure to comply with one or more provisions of the patent laws of the United States, including, but not limited to, 35 U.S.C. §§101, 102, 103, and/or 112.

35. An actual controversy exists between counterclaimants Velo and counterclaim defendant Prokop as to whether the '913 patent is invalid.

36. Velo requests declaratory judgment that the '913 patent is invalid.

### PRAYER FOR RELIEF

WHEREFORE, Velo respectfully requests:

A. That the Court dismiss Plaintiff's Complaint with prejudice and deny Plaintiff's various demands for relief.

DEFENDANT VELO ENTERPRISE CO., LTD.'S
ANSWER TO COMPLAINT (C07-1094 P)
- 6

Yarmuth Wilsdon Calfo PLLC
925 Fourth Avenue, Suite 2500
Seattle, WA 98104
Tel: (206) 516-3800
Fax: (206) 516-3888

1   B.   That the Court declare that Velo has not infringed and is not infringing any
2   asserted claims of the '913 patent.
3   C.   That the Court declare that any asserted claims of the '913 patent are invalid.
4   D.   That the Court enjoin Plaintiff, its officers, agents, servants, employees and
5   attorneys, and all persons in active concert or participation with them, from directly or indirectly
6   charging infringement, or instituting any further action for infringement of the '913 patent,
7   against Velo, its customers, licensees, or potential customers or licensees.
8   E.   That the Court award to Velo its reasonable fees and costs (including attorneys
9   fees) incurred in this action.
10  F.   That the Court award Velo such other and further relief as the Court deems just
11  and proper.
12  ///
13  ///
14  ///
15  ///
16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///

DEFENDANT VELO ENTERPRISE CO., LTD.'S
ANSWER TO COMPLAINT (C07-1094 P)
- 7

Yarmuth Wilsdon Calfo PLLC
925 Fourth Avenue, Suite 2500
Seattle, WA 98104
Tel: (206) 516-3800
Fax: (206) 516-3888

## DEFENDANT/CROSS-CLAIM DEFENDANT VELO ENTERPRISE CO., LTD.'S ANSWER TO DEFENDANT/CROSS-CLAIM PLAINTIFF S.P. RICHARDS CO.'S CROSS-CLAIM

Defendant Velo Enterprise Co., Ltd. ("Velo") herewith submits its Answer to the Cross-Claim of Defendant S.P. Richards Co. ("S.P. Richards") as follows:

### I. AS TO PARTIES

1. Velo is without sufficient knowledge or information to form a belief as to the truth of the matters asserted in Paragraph 1, and therefore denies the same.

2. Velo admits that Defendant Velo Enterprise Co., Ltd., is a corporation located in Taichung, Hsien, Taiwan.

### II. AS TO JURISDICTION AND VENUE

3. Velo admits that this Court has subject matter jurisdiction over this action.

4. Velo admits that venue is proper in this judicial district.

### III. AS TO FACTS

5. Velo is without sufficient knowledge or information to form a belief as to the truth of the matters asserted in Paragraph 5, and therefore denies the same.

6. Velo is without sufficient knowledge or information to form a belief as to the truth of the matters asserted in Paragraph 6, and therefore denies the same.

7. Velo admits that, in Paragraph 14 of the Complaint, Plaintiff Prokop Labs alleges that Velo manufactures gel wrist rests and mouse pads that infringe the '913 patent. Velo also admits that, in Paragraph 14 of the Complaint, Plaintiff alleges these products are manufactured for and sold by S.P. Richards. Velo denies that it has committed any acts of patent infringement or any other wrongful act.

DEFENDANT VELO ENTERPRISE CO., LTD.'S
ANSWER TO COMPLAINT (C07-1094 P)
- 8

Yarmuth Wilsdon Calfo PLLC
925 Fourth Avenue, Suite 2500
Seattle, WA 98104
Tel: (206) 516-3800
Fax: (206) 516-3888

## IV.  AS TO COUNT 1:  INDEMNIFICATION UNDER R.C.W. 62A.2-312

8. Velo incorporates its answers to Paragraphs 1 through 7 as if fully set forth herein.

9. Velo is without sufficient knowledge or information to form a belief as to the truth of the matters asserted in Paragraph 9, and therefore denies the same.

10. Velo denies the allegations contained in Paragraph 10.

## V.  AS TO COUNT 2:  COMMON LAW INDEMNIFICATION

11. Velo incorporates its answers to Paragraphs 1 through 10 as if fully set forth herein.

12. Velo is without sufficient knowledge or information to form a belief as to the truth of the matters asserted in Paragraph 12, and therefore denies the same.

13. Velo denies the allegations contained in Paragraph 13.

14. Velo denies the allegations contained in Paragraph 14.

## VI.  AS TO RELIEF

15. Velo denies that Defendant/Cross-Claim Plaintiff S.P. Richards is entitled to any relief against Velo, including, but not limited to, the relief prayed for in Paragraphs A through F in the Relief section of S.P. Richards' Cross-Claim.

16. Except as set forth herein, Velo denies all allegations contained in S.P. Richards' Cross-Claim.

## **DEFENSES**

17. Velo states the following separate defenses without assuming the burden of proof that otherwise would rest with Cross-Claim Plaintiff.

DEFENDANT VELO ENTERPRISE CO., LTD.'S
ANSWER TO COMPLAINT (C07-1094 P)
- 9

Yarmuth Wilsdon Calfo PLLC
925 Fourth Avenue, Suite 2500
Seattle, WA 98104
Tel: (206) 516-3800
Fax: (206) 516-3888

## FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

18.  The Cross-Claim fails to state a claim against Velo upon which relief can be granted.

19.  The Complaint fails to state a claim against S.P. Richards upon which relief can be granted.

## LACK OF PRIVITY

20.  No privity of contract exists between S.P. Richards and Velo.

## NON-INFRINGEMENT

21.  Velo has not infringed any claim of the '913 patent, either literally or under the doctrine of equivalents, and is not liable as an infringer with respect to any claim of the '913 patent. Velo has not contributed to the infringement of any claim of the '913 patent, either literally or under the doctrine of equivalents. Velo has not induced the infringement of any of the claims of the '913 patent, either literally or under the doctrine of equivalents.

## INVALIDITY

22.  The claims of the '913 patent are invalid and unenforceable for failure to comply with one or more of the conditions for patentability set forth in the Patent Laws of the United States Code, Title 35, at least in Sections 101, 102, 103, and 112.

## PROSECUTION HISTORY ESTOPPEL

23.  By reason of statements made to the United States Patent and Trademark Office during prosecution of the application and re-examination of the '913 patent, the doctrine of prosecution history estoppel bars Plaintiff from asserting the scope of the claims of the '913 patent covers S.P. Richards' products.

DEFENDANT VELO ENTERPRISE CO., LTD.'S
ANSWER TO COMPLAINT (C07-1094 P)
- 10

Yarmuth Wilsdon Calfo PLLC
925 Fourth Avenue, Suite 2500
Seattle, WA 98104
Tel: (206) 516-3800
Fax: (206) 516-3888

### FAILURE TO PROVIDE NOTICE

24. Plaintiff did not provide S.P. Richards with actual notice of the alleged claim before commencing suit and Plaintiff's damages against S.P. Richards, if any, are limited by the provisions of 35 U.S.C. §§ 286 and/or 287. Thus, any claim for indemnification brought by S.P. Richards against Velo is similarly limited.

### OTHER DEFENSES

25. Velo reserves the right to amend its Answer to the Cross-Claim by adding defenses, counterclaims, or other claims or actions as additional facts are obtained through investigation and discovery. Velo reserves, and does not waive, any of the defenses set forth in Fed. R. Civ. P. 8(c) or any other matter constituting an avoidance or affirmative defense, as discovery may reveal to be applicable.

### PRAYER FOR RELIEF

WHEREFORE, Velo respectfully requests:

A. That the Court dismiss Defendant S.P. Richards Cross-Claim with prejudice and deny S.P. Richards' various demands for relief.

B. That the Court enjoin S.P. Richards, its officers, agents, servants, employees and attorneys, and all persons in active concert or participation with them, from directly or indirectly charging indemnification or breach of warranty, or instituting any further action stemming from the alleged infringement of the '913 patent, against Velo, its customers, licensees, or potential customers or licensees.

C. That the Court award to Velo its reasonable fees and costs (including attorneys fees) incurred in this action.

DEFENDANT VELO ENTERPRISE CO., LTD.'S
ANSWER TO COMPLAINT (C07-1094 P)
- 11

Yarmuth Wilsdon Calfo PLLC
925 Fourth Avenue, Suite 2500
Seattle, WA 98104
Tel: (206) 516-3800
Fax: (206) 516-3888

1      D.    That the Court award Velo such other and further relief as the Court deems just and proper.

Dated this 23rd day of January, 2008

YARMUTH WILSDON CALFO PLLC

*/s/ Rachel L. Hong*
John H. Jamnback, WSBA No. 29872
Rachel L. Hong, WSBA No. 33675

Attorneys for Defendant Velo Enterprise Co., Ltd.

Of Counsel:
William B. Dyer III, GA Bar No. 236,915, Admitted Pro Hac Vice
Douglas S. Weinstein, GA Bar No. 746,498, Pro Hac Vice Application Pending
Benjamin D. Bailey, GA Bar No. 117,201, Admitted Pro Hac Vice
FINNEGAN, HENDERSON, FARABOW, GARRET & DUNNER, LLP
3500 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3263
Tel.: (404) 653-6400
Fax: (404) 653-6444

DEFENDANT VELO ENTERPRISE CO., LTD.'S
ANSWER TO COMPLAINT (C07-1094 P)
- 12

Yarmuth Wilsdon Calfo PLLC
925 Fourth Avenue, Suite 2500
Seattle, WA 98104
Tel: (206) 516-3800
Fax: (206) 516-3888