THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PROKOP LABS, LLC, a Washington
limited liability company,

                          Plaintiff,

        v.

STAPLES, INC., a Delaware corporation;
STAPLES THE OFFICE SUPERSTORE
LLC, a Delaware limited liability
company; BELKIN, INC., a Delaware
corporation (formerly BELKIN
LOGISTICS, INC.), S.P. RICHARDS CO.,
a Georgia corporation; and VELO
ENTERPRISE CO., LTD., a Taiwan
corporation,

                          Defendants.

No. 2:07-cv-1094-MJP

CR37 SUBMISSION REGARDING
PLAINTIFF PROKOP LABS, LLC'S
INTERROGATORY NO. 1 AND REQUEST
FOR PRODUCTION NO. 18

NOTE ON MOTION CALENDAR:
AUGUST 20, 2012

CR 37 SUBMISSION
(No. 2:07-cv-1094-MJP) – 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

## I.    PROKOP LABS, LLC'S INTRODUCTORY STATEMENT

This patent infringement case concerns a patent directed to gel wrist rests: U.S. Patent

No. 5,566,913.  In late May of 2012, Prokop Labs issued discovery requests to Velo Enterprise

Co. Ltd. seeking routine information relevant to infringement, including an identification of

"gel" wrist rest products made, used, sold, offered for sale, or imported by Velo (Prokop Labs'

Interrogatory No. 1 to Velo), as well as production of documents showing the design, structure,

and composition of the identified products (Prokop Labs' Request for Production No. 18 to

Velo).  Prokop Labs needed this discovery because of the Court's Scheduling Order, which

requires all allegations of infringement to be included in the Prehearing Statement due on August

21, 2012.  By late July of 2012, Prokop Labs realized it was not getting the discovery it

requested from Velo.

As a result, Prokop Labs met and conferred with Velo, and the Parties reached an

agreement about resolving this discovery dispute.  Under that agreement:

- o  Velo verbally confirmed that its identification of gel wrist rest products (made, used, sold, offered for sale, or imported since July 13, 2001) in response to Interrogatory No. 1 was accurate and complete.  At that time, Velo had identified 84 product model numbers.

- o  By August 3, 2012, Velo agreed it would produce documents sufficient to show structure, design, and composition for all of its identified gel wrist rest products.

- o  If the agreement broke down, Prokop Labs and Velo would agree to use the procedure set forth in CR 37(a)(1)(B) for resolving any dispute.

Declaration of Kevin A. Zeck, Ex. A (Email from K. Zeck to D. Weinstein, dated July 20, 2012).

As of August 9, 2012 (the date Prokop Labs served the draft of the CR 37(a)(1)(B)

submission), Velo had not produced a single document in response to Prokop Labs' Request for

Production No. 18, although it provided promises on August 9, 2012 that it would produce some

unknown number of documents immediately.  Zeck Decl., Ex. B (Letter from K. Zeck to B.

Bailey, dated Aug. 8, 2012) and Ex. C (Letter from B. Bailey to K. Zeck, dated Aug. 9, 2012).

CR 37 SUBMISSION
(No. 2:07-cv-1094-MJP) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Moreover, although Velo previously provided assurances that its identification of "gel" wrist rest products was complete, subsequent investigation by Prokop Labs revealed at least another fifty products that appear not to have been identified.  Zeck Decl., Ex. D (Letter from K. Zeck to B. Bailey, dated August 1, 2012); *see also* Zeck Decl. Exs. E and F (exhibits from relevant U.S. International Trade Commission Investigation cited in Ex. D).  Velo has not provided any concrete explanation for so large a discrepancy.  Instead, Velo has generally theorized, without substantiation, that the product numbers Prokop Labs identified either were sold before July 13, 2001 or are alternative product numbers for products already identified by Velo.  Zeck Decl., Ex. C.

Prokop Labs has been prejudiced by Velo's conduct.  Prokop Labs will not obtain the requested information in sufficient time to prepare the prehearing statement due on August 21, 2012.  Prokop Labs therefore moves this Court for an order compelling Velo to produce the requested information and also for relief from the Court's requirement that all allegations of infringement be included in the Prehearing Statement.

## II.      VELO ENTERPRISE CO., LTD.'S STATEMENT

This case was stayed from February of 2008 until April of 2012.  Dkt. Nos. 61 (Order Staying Case) and 72 (Order Lifting Stay).  On April 3, 2012, the Court issued an Order lifting the stay and setting a deadline of August 21, 2012 for filing the Prehearing Statement.  Dkt. No. 72 at 1, line 23-2, line 1.  Despite the almost five months of notice afforded to Prokop for preparation of its Prehearing Statement, Prokop did not serve any discovery requests on Velo until May 21, 2012, almost two months after the Court's Order was issued.  Zeck Decl., Exs. G, I (Prokop's Interrogatories Nos. 1-7 and Requests for Production Nos. 1-41).  Velo provided timely responses to Prokop's discovery requests on June 25, 2012.  Zeck Decl., Exs. H, J (Velo's Responses to Prokop's Interrogatories and Requests for Production).  In its responses, Velo noted that confidential documents would only be produced after a protective order was entered in

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

the case.  *Id.*  Nonetheless, Prokop did not circulate a draft protective order until July 9, 2012.

Bailey Decl., Ex. K (Email from K. Zeck to Defendants, dated July 9, 2012).

Velo never agreed to produce documents sufficient to show structure, design, and

composition for all of its identified gel wrist rest products by August 3, 2012, absent entry of a

protective order to protect Velo's trade secrets and confidential information.  Zeck Decl., Ex. C

(Letter from B. Bailey to K. Zeck, dated August 9, 2012).  To the contrary, Velo has always

maintained that it would produce confidential documents once a protective order was in place.

*Id.*

The parties diligently worked on coming to terms on a proposed protective order, and

those terms were agreed upon on August 7, 2012.  Bailey Decl., Exs. L, M (Emails from K. Zeck

to E. Chan, dated August 7, 2012).  Despite the fact that the proposed protective order had not

yet been entered by the Court, and with the understanding that all parties were bound by the

agreed upon terms, Velo produced confidential documents to Prokop within days of agreement

of the terms on August 10, 2012 and August 14, 2012.  Zeck Decl., Ex. C (Letter from K. Zeck,

dated August 9, 2012); Bailey Decl., Ex. O (Letter from B. Bailey to K. Zeck, dated August 14,

2012).  Those productions comprised over 5,000 pages of documents and included all the

technical documents known to Velo at the time that related to the identified model numbers.  *Id.*

Further, the documents were produced to Prokop in the same manner as they are kept in Velo's

usual course of business.  *Id.*

Velo has also thoroughly investigated Prokop's claims that exhibits filed in a 2001

International Trade Commission ("ITC") litigation by 3M Innovative Properties and ACCO

Brands, Inc. contain relevant, undisclosed gel wrist rest products manufactured by Velo.  Zeck

Decl. Ex., D (Letter from K. Zeck to B. Bailey, dated August 1, 2012).  The ITC exhibits at issue

list 53 gel wrist rest products purportedly manufactured by Velo.  Zeck Decl., Exs. E, F (Exhibits

from 2001 ITC litigation).  Despite the fact that the overwhelming majority of model numbers

listed in the ITC exhibits are not current Velo model numbers, or not Velo model numbers at all,

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Velo was able to determine that 18 of the 53 models listed in the ITC exhibits correspond with Velo model numbers that appear relevant to this case and were not previously identified in Velo's response to Prokop's interrogatories.  Bailey Decl., Ex. R (Chart identifying Velo model numbers).  The remaining models are irrelevant to this case because: (1) the corresponding Velo model number had already been identified in Velo's interrogatory responses; (2) the corresponding Velo model number does not contain a "gel" component; (3) the corresponding Velo model number could not be identified; or (4) the corresponding Velo model number has not been sold or imported into the U.S. since July 13, 2001 (these model numbers being irrelevant in light of the six-year statutory bar on damages for patent infringement).  *Id.*  A chart identifying the 53 model numbers listed in the ITC litigation, their corresponding Velo model number, and the conclusion of Velo's investigation regarding each model number has been provided to Prokop and is included in this motion as Exhibit O.  *Id.*

As part of its ongoing investigation, Velo immediately served its Third Supplemental Response to Prokop's Interrogatory No. 1 on August 16, 2012, adding 18 relevant model numbers to its interrogatory responses.  Zeck Decl., Ex. V (Velo's Responses to Prokop's Interrogatories).  Velo will make good faith efforts to collect, review, and produce documents pertaining to these model numbers and responsive to Prokop's discovery requests as soon as possible.

Velo has never opposed production of documents responsive to Prokop's discovery requests with respect to technical documents and has produced well over 5,000 pages of documents and CAD files responsive to Prokop's requests.  Bailey Decl., Ex. O (Letter from B. Bailey to K. Zeck, dated August 14, 2012).  Further, Velo has at all times supplemented its discovery responses as it learned new information, and has made every effort to collect, review, and produce responsive documents in a timely manner.  Velo will continue to do so.  As such, Prokop has not been unjustly prejudiced by Velo's conduct.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Despite significant expenditure of time and effort by Velo and its attorneys, Prokop has yet to produce a single document in response to the discovery requests served on it on June 5, 2012. *Id.* On August 7, 2012, counsel for Prokop stated, "[N]ow that we have agreed to the proposed protective order, we believe that document production can begin in earnest." Bailey Decl., Ex. M (Email from K. Zeck to Eric Chan, dated August 7, 2012). The parties' agreement is further memorialized in Velo's letter of August 9, 2012 to Prokop. Zeck Decl., Ex. C (Letter from B. Bailey to K. Zeck, dated August 9, 2012). As noted above, the parties' mutual agreement to the terms of the proposed protective order facilitated Velo's aforementioned document productions of August 10, 2012 and August 14, 2012. Zeck Decl., Ex. C (Letter from K. Zeck, dated August 9, 2012); Bailey Decl., Ex. O (Letter from B. Bailey to K. Zeck, dated August 14, 2012). Yet, as late as August 15, 2012, Prokop has withheld all document production from Defendants, asserting either that the terms of a protective order have not been agreed to (Bailey Decl., Ex. P (Second Letter from K. Zeck to B. Bailey, dated August 14, 2012)) or Defendants had not confirmed the agreement in writing. Bailey Decl., Ex. Q (Email from K. Zeck to Defendants, dated August 15, 2012). Prokop's refusal to produce even a single document is difficult to reconcile with its allegations that Prokop has been unjustly prejudiced by purported flaws in Velo's production.

## III.    DISPUTED DISCOVERY REQUESTS

**Prokop Labs' Interrogatory No. 1:** "Identify all Gel Wrist Rest Products." "Gel Wrist Rest Products" was defined as "any wrist rest containing a gel or gelatinous material that was made, used, sold, or offered for sale in the United States, or imported into the United States, by Velo Enterprise Co., Ltd., since October 22, 1996." Zeck Decl., Ex. G at 2, 5 (Excerpts of Interrogs. Nos. 1-7 to Velo).

**Velo's Third Supplemental Response:**    "Subject to and without waiving the foregoing objections, Velo responds as follows:

CR 37 SUBMISSION
(No. 2:07-cv-1094-MJP) – 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Velo will limit this response to the identification of products that Velo sold or offered for sale from six years before the filing of the Complaint to the present, pursuant to 35 U.S.C. § 286. Velo refers to the revised list below, which represents a complete list of wrist rest products known to Velo that Velo has manufactured for U.S. customers and that Velo has been able to identify after a thorough and diligent search of its records.  This list supersedes the lists set forth in Velo's previous Responses to Prokop Labs, LLC's Interrogatories Nos. 1-7.

01M004; 01M034; 02K003-02; 02K006; 02K007; 02K013; 02K024; 02K025; 02K027; 02K037; 02K048; 02K061; 02K064; 02K068; 02K075; 02K088; 02K093; 02K106; 02K136; 02M002; 02M005; 02M006; 02M011; 02M012; 02M024; 02M033; 02M057; 02M058; 02M066; 02W033; 03K068; 03K068-1; 03K068-2; 03K075; 03K120-1; 03K132; 03M047; 03M057; 03M057-1; 03M057-2; 03M058; 03M117; 03M122; 03W033; 03W068; 03W091; 04M058; 04W024; 09M121-1; 09M128; 22701; 22711B; 34702A; 36505; 36702A; 57711A; K60004B; KY062LGP; KY3-LGP; L12012; L22701C; L34702B; L35501B; L36702C; L57711B; L62083B; L62084A; L62085A; L62086A; L62093A; L62094B; L62113; L62114; L62116; L62117; L62118; L62119; M16-1; M16-LGP; M16-1LGP; WP21LGP; WP25LGP; WP25TGP; WP28LGP; WT25LGP+TPU; 鍵盤護墊2.5; and 鍵盤護墊 3.0."  Zeck Decl., Ex. V at 5 (Velo's Third Supplemental Objections and Responses to Prokop Labs' Interrogs. Nos. 1-7).

CR 37 SUBMISSION
(No. 2:07-cv-1094-MJP) – 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

**Prokop Labs' Request for Product No. 18:** "Documents sufficient to show the types, versions, and models of Gel Wrist Rest Products, including without limitation documents sufficient to show the structure and composition of each Gel Wrist Rest Product, and including without limitation documents sufficient to show the chemical or molecular composition of any gel or gelatinous material in each Gel Wrist Rest Product."  Zeck Decl., Ex. I  at 6 (Excerpts of Req. for Prod. Nos. 1-41 to Velo).

**Velo's Response:** "In addition to its General Objections, Velo specifically objects to Request No. 18 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Velo also specifically objects to this Request as premature on the ground that it seeks disclosure of expert testimony. Velo specifically objects to this Request to the extent that it calls for the production of confidential information without a protective order that sufficiently protects Velo's and third parties' rights.

Subject to and without waiving the foregoing and general objections, and consistent with Velo's understanding of the various terms used in this Request, Velo will produce non-privileged, non-confidential, responsive documents at an appropriate time to the extent that such documents exist and can be located following a reasonable search. Velo will produce non-privileged, responsive, and confidential documents at an appropriate time once a protective order is entered in this case that sufficiently protects Velo's and third parties' rights." Zeck Decl., Ex. J at 18-19 (Velo's Responses to Prokop Labs' Req. for Prod. Nos. 1-41).

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

**A.     Prokop Labs' Argument - Velo Has Not Provided Basic Information Necessary for Prokop Labs to Comply with the Court's Deadline for the Prehearing Statement**

This case was stayed from February of 2008 until April of 2012.  Dkt. Nos. 61 (Order Staying Case) and 72 (Order Lifting Stay).  In April, the Court lifted the stay and set a case schedule.  Dkt. No. 72 (Order Lifting Stay).  One of the deadlines in the schedule concerns a "Joint Claim Construction Chart and Prehearing Statement."  *Id.* at 1, line 23 to 2, line 1.  The chart and prehearing statement are due on August 21, 2012.  *Id.*

In its order lifting the stay, the Court said that the prehearing statement must contain "[a]ll allegations of infringement."  *Id.* at 5, line 10.  The Court also said that it "will not consider new allegations of infringement . . . without the asserting party showing good cause."  *Id.* at 5, lines 11-12.  The Court further said that "failure to complete discovery within the time allowed is not recognized as good cause."  *Id.* at 3, line 10-12.

Prokop Labs has endeavored meet the Court's expectations.  Two months ago, Prokop Labs served discovery requests seeking, among other things: (1) an identification of all gel wrist rests made, used, sold, offered for sale, or imported by Velo; and (2) documents sufficient to show the design, structure, and composition of the identified products.  *E.g.*, Zeck Decl., Ex. G at 2, 5 (Excerpts of Interrogs. to Velo) and Ex. I at 6 (Excerpts of Req. for Prod. to Velo).  These are routine requests relevant to infringement.

Since then, Velo has not produced even one requested document.[1]  This is so even though the Parties agreed that Velo would produce documents in response to Request for Production No. 18 by August 3, 2012.  Zeck Decl., Ex. A.  Moreover, Velo's initial identification of Gel Wrist Products appears to be incomplete.[2]  Investigation by Prokop Labs revealed a number of

---

[1] This does not include prior art produced by the Defendants at the time Defendants served their invalidity contentions, nor does it include dictionary definitions produced by the Defendants at the time Defendants served their proposed claim constructions.

[2] Velo's initial identification of products was contained in its Responses to Prokop Labs, LLC's Interrogatories Nos. 1-7.  Velo identified eighty-four products in its Responses to Prokop Labs' Interrogatory No. 1.  Zeck Decl., Ex. H (excerpts from Velo's Responses to Prokop Labs' Interrogs. Nos. 1-7).

CR 37 SUBMISSION
(No. 2:07-cv-1094-MJP) – 9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Velo gel wrist rest products previously identified in a 2001 International Trade Commission Investigation but not in this litigation.  Velo has not provided a detailed explanation for why this is so – Velo has provided only conclusory explanations.  Zeck Decl., Exs. D, E, F, and C.

Simply put, Velo has not provided a sufficient response to Prokop Labs' Interrogatory No. 1 and Request for Production No. 18 in light of its obligations under the Federal Rules of Civil Procedure.  Velo has also not lived up to its obligations under the agreement reached between the Parties on July 20, 2012.  As a result, Velo has prejudiced Prokop Labs' ability to complete the Prehearing Statement according to the requirements set forth in the Court's Scheduling Order.  Prokop Labs therefore respectfully requests that this Court compel Velo to provide a complete identification of all Gel Wrist Rest Products made, used, sold, offered for sale in the United States by Velo on or after July 13, 2001, or imported into the United States by Velo on or after July 13, 2001.  Prokop Labs also respectfully requests that this Court compel Velo to provide documents sufficient to show the structure, design, and composition of the identified products.  Prokop Labs finally requests that it be relieved from the requirement that "all allegations of infringement" be contained in the Prehearing Statement due to the practical reality that, even if this Court compels the requested discovery, it will not be produced in sufficient time to allow Prokop labs to adequately prepare the Prehearing Statement.

**B.     Velo's Response - Velo Has Provided Prokop with All Known Documents Responsive to Prokop's Request for Production No. 18**

As discussed above, on April 3, 2012, the Court issued an Order lifting the stay and setting a deadline of August 21, 2012 for filing the Prehearing Statement.  Dkt. No. 72 at 1, line 23-2, line 1.  On May 21, 2012, almost two months after the Court issued its Order, Prokop served its first discovery requests on Velo.  Zeck Decl. Exs. G, I (Prokop's Interrogatories Nos. 1-7 and Requests for Production Nos. 1-41).  Velo provided timely responses to Prokop's discovery requests on June 25, 2012.  Zeck Decl. Exs. H, J (Velo's Responses to Prokop's Interrogatories and Requests for Production).

CR 37 SUBMISSION
(No. 2:07-cv-1094-MJP) – 10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Contrary to Prokop's assertions, Velo never agreed to produce documents sufficient to show structure, design, and composition for all of its identified gel wrist rest products by August 3, 2012, absent an agreement on a protective order. Zeck Decl., Ex. C (Letter from B. Bailey to K. Zeck, dated August 9, 2012). Rather, as stated in Velo's response to Prokop's Requests for Production, Velo has consistently maintained that it would produce confidential documents once a protective order was in place. *Id.* This fact notwithstanding, Plaintiff Prokop failed to circulate a draft protective order until July 9, 2012. Bailey Decl. Ex. K (Email from K. Zeck to Defendants, dated July 9, 2012).

The terms of a protective order were agreed upon on August 7, 2012. Bailey Decl., Exs. L, M (Emails from K. Zeck to E. Chan, dated August 7, 2012). Based on the understanding that all parties were bound by the agreed upon terms, Velo produced confidential documents to Prokop on August 10, 2012 and August 14, 2012. Zeck Decl., Ex. C (Letter from K. Zeck, dated August 9, 2012); Bailey Decl., Ex. O (Letter from B. Bailey to K. Zeck, dated August 14, 2012). The two productions comprise over 5,000 pages of documents and CAD files. Prokop is now in possession of technical documents, including drawings, Bill of Materials ("BOMs"), and Material Safety Data Sheets ("MSDS") for every product model number listed in Velo's response to Prokop's Interrogatory No. 1 known on August 14, 2012. Bailey Decl., Ex. O (Letter from B. Bailey to K. Zeck, dated August 14, 2012). Further, the documents were produced to Prokop in the same manner as they are kept in Velo's usual course of business. *Id.*

Additionally, Velo has thoroughly investigated Prokop's claims that exhibits filed in the 2001 International Trade Commission ("ITC") litigation by 3M Innovative Properties and ACCO Brands, Inc. contain relevant, undisclosed gel wrist rest products manufactured by Velo. Bailey Decl., Ex. R (Chart identifying Velo model numbers). The exhibits list 53 gel wrist rest products purportedly manufactured by Velo. Zeck Decl., Exs. E, F (Exhibits from 2001 ITC litigation). As an initial matter, Velo notes that the lists are over ten years old. *Id.* Thus, the overwhelming majority of model numbers are not presented in a format Velo currently uses. Moreover, many

CR 37 SUBMISSION
(No. 2:07-cv-1094-MJP) – 11

of the model numbers are not Velo model numbers at all.  Rather, they are model numbers used by Velo's customers.  Nonetheless, Velo was eventually able to determine that 18 of the 53 models listed in the ITC exhibits correspond with Velo model numbers that appear relevant to this case and were not previously identified in Velo's response to Prokop's interrogatories. Bailey Decl., Ex. R (Chart identifying Velo model numbers).  The remaining models are irrelevant to this case because: (1) the corresponding Velo model number had already been identified in Velo's interrogatory responses; (2) the corresponding Velo model number does not contain a "gel" component; (3) the corresponding Velo model number could not be identified; or (4) the corresponding Velo model number has not been sold or imported into the U.S. since July 13, 2001 (these model numbers being irrelevant in light of the six-year statutory bar on damages for patent infringement).  *Id.*

Having concluded its investigation into these model numbers, Velo served its Third Supplemental Response to Prokop's Interrogatory No. 1 on August 16, 2012, adding the 18 relevant model numbers to its interrogatory responses.  Zeck Decl., Ex. V (Velo's Responses to Prokop's Interrogatories).  As always, Velo will make good faith efforts to expeditiously collect, review, and produce documents related to these additional model numbers and responsive to Prokop's discovery requests.

Regarding Prokop's complaint that a substantial number of the documents, including the BOMs and MSDS that Velo has produced are in Mandarin, Velo is a Taiwanese company whose employees' native spoken language is Mandarin or Taiwanese.  Velo has produced responsive documents in the same manner as they are kept in Velo's usual course of business.  Bailey Decl., Ex. O (Letter from B. Bailey to K. Zeck, dated August 14, 2012).  It should not be surprising to Prokop that Velo's documents contain Chinese.  Further, Velo is not required to translate the documents for Prokop.  If Prokop does not have the resources to translate the Chinese-language documents, it should have served its discovery requests and proposed protective order sooner, thereby affording Prokop more time to prepare its Prehearing Statement.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

Prokop also complains that the technical drawings provided in the document productions of August 10, 2012, and August 14, 2012 are too simple to generate the infringement contentions required by the Court's April 3, 2012 Order. Bailey Decl., Ex. N (First letter from K. Zeck to B. Bailey, dated August 14, 2012). Velo notes, however, that is has produced all known technical documents pertaining to the identified product models. Bailey Decl., Ex. O (Letter from B. Bailey to K. Zeck, dated August 14, 2012).

Velo has also produced native CAD files to Prokop with file extensions *.mf1 and *.mf2. Velo has identified that these files were created using a CAD program that may be opened using the program "NX I-deas." Bailey Decl., Ex. N (First letter from K. Zeck to B. Bailey, dated August 14, 2012). Prokop complains that Velo has not provided Prokop with the software program and, as a result, Prokop cannot view the drawings. *Id.* However, Velo has no duty to provide such a program to Prokop. Again, Velo has produced the drawings in the same manner as they are kept in Velo's usual course of business. Bailey Decl., Ex. O (Letter from B. Bailey to K. Zeck, dated August 14, 2012). Moreover, NX I-deas is not a free software program, and Velo is not licensed to distribute copies. If Prokop would like to view the *.mf1 and *.mf2 files, Prokop should purchase a copy of NX I-deas or a comparable program in which to view the files.

Lastly, Prokop complains that Velo has produced documentation that references product model numbers not identified in Velo's responses to Prokop's discovery requests. Bailey Decl., Ex. N (First letter from K. Zeck to B. Bailey, dated August 14, 2012). Velo does not believe this is improper. Velo gathered, reviewed, and produced responsive documents as quickly as possible. Velo concedes that it is entirely possible that documents were produced that reference product models that are not relevant to this litigation for one reason or another. Prokop should not assume that just because Velo produced documents containing references to model numbers that are not identified in Velo's discovery request responses, those model numbers are relevant to this litigation or that Velo is intentionally withholding or obscuring information from Prokop.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Velo has never refused to produce documents responsive to Prokop's discovery requests. In fact, Velo has produced well over 5,000 pages of documents, including drawings, BOMs, and MSDS for every model number identified in response to Prokop's Interrogatory No. 1, with the exception of those 18 model numbers recently discovered as part of Velo's ongoing obligation to continue investigating and supplementing its interrogatory responses. Velo intends to collect, review, and produce documents pertaining to those 18 model numbers as soon as possible.

Velo's document production stands in sharp contrast to Prokop's discovery tactics. To date, Prokop has yet to produce a single document in response to the discovery requests served on it on June 5, 2012. Bailey Decl., Ex. O (Letter from B. Bailey to K. Zeck, dated August 14, 2012). Of particular interest to Velo are licensing agreements between Prokop and Velo's customers related to the '913 patent, as Velo believes that many of its sales may be to licensed customers. *Id.* During a telephone conversation on August 8, 2012, Prokop admitted to being in possession of the agreements, but refused to provide them until all parties had agreed upon the terms of the protective order. *Id.* Prokop made this assertion despite the fact that all parties had agreed to the terms of the protective order on the previous day, August 7, 2012. Bailey Decl., Exs. L, M (Emails from K. Zeck to E. Chan, dated August 7, 2012). As late as August 15, 2012, Prokop has withheld all document production from Defendants, asserting that Defendants have not confirmed their agreement to the terms of the protective order in writing. Bailey Decl., Ex. Q (Email from K. Zeck to Defendants, dated August 15, 2012). However, in its letter of August 9, 2012, Velo makes clear that the terms of the protective order were agreed upon, in writing. Zeck Decl., Ex. C (Letter from B. Bailey to K. Zeck dated August 9, 2012).

Velo has at all times supplemented its discovery responses as it learned new information, and has made every effort to collect, review, and produce responsive documents in a timely manner. Velo will continue to do so. Prokop has not been unjustly prejudiced by Velo's conduct. To the contrary, if Prokop has been prejudiced, it is by Prokop's own belated discovery

requests, failure to timely propose a protective order given the pressures of which it was aware, and failure to make adequate preparations to review Velo's document productions.

## C.    Prokop Labs' Reply

Velo's Response ignores the central issue in this motion: Velo's failure to identify its wrist rest products, and its corresponding failure to produce documents showing the structure and configuration of its products.  Many Velo products known to Prokop have not been the subject of any Velo production, and the drawings Velo has produced have little detail.  Velo's bills of materials are not linked to the drawings, and Velo provided only simple pictures and parts lists that omitted the information needed to understand how the products are put together. *See* Bailey Decl., Ex. N; Zeck Decl., Ex. S.  Velo's production has even been contradictory: Velo provided three supplemental identifications since August 9th, each with a different total number of Velo wrist rest products.  *See* Zeck Decl., Exs. T (70 products), U (69 products), V (87 products).

The deficiencies and contradictions in Velo's discovery go the heart of the case, and prevent Prokop from completing its infringement contentions.  Velo should be compelled to provide a complete identification of its gel wrist rest products, and produce documents sufficient to allow Prokop to finish the infringement contentions.

CR 37 SUBMISSION
(No. 2:07-cv-1094-MJP) – 15

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Respectfully submitted for Prokop Labs, LLC by:


DATED: August 20, 2012

By: /s/ Kevin A. Zeck
Jerry A. Riedinger #25828
Kevin A. Zeck #41689
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
Email:  JRiedinger@perkinscoie.com
            KZeck@perkinscoie.com

*Attorneys for Plaintiff PROPOKOP LABS, LLC,*
*a Washington limited liability company*


Respectfully submitted for Velo Enterprise Co. Ltd. by:


DATED: August 20, 2012

By: /s/Benjamin D. Bailey (with permission)
John H. Jamnback. WSBA No. 29872
YARMUTH WILSON CALFO, PLCC
Fourth & Madison
925 Fourth Avenue, Suite 2500
Seattle, WA  98104

Douglas S. Weinstein (*Pro Hac Vice*)
Benjamin D. Bailey (*Pro Hac Vice*)
FINNEGAN HENDERSON
  FARABOW GARRETT & DUNNER LLP
303 Peachtree Street NE, Suite 3500
Atlanta, GA  30308-6470

*Attorneys for Defendant VELO ENTERPRISE*
*CO. LTD & Third Party Defendants AIDATA*
*USA CO. INC and AIDMA ENTERPRISE CO.*
*LTD.*

CR 37 SUBMISSION
(No. 2:07-cv-1094-MJP) – 16

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

CERTIFICATION:

I certify that prior to making this submission Prokop Labs, LLC, has in good faith conferred or attempted to confer with Velo Enterprise Co. Ltd., in an effort to obtain the requested discovery without court action, in accordance with Fed. R. Civ. P. 37(a)(1).


DATED:  August 9, 2012

By:  /s/ Kevin A. Zeck
Jerry A. Riedinger #25828
Kevin A. Zeck #41689
**Perkins Coie** LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
Email:  JRiedinger@perkinscoie.com
          KZeck@perkinscoie.com

*Attorneys for Plaintiff PROPOKOP LABS, LLC,*
*a Washington limited liability company*


CERTIFICATION OF COMPLIANCE WITH CR 37(a)(1)(B):

I certify that the foregoing CR 37 Submission complies with the requirements of CR 37(a)(1)(B).


DATED:  August 20, 2012

By:  /s/ Kevin A. Zeck
Jerry A. Riedinger #25828
Kevin A. Zeck #41689
**Perkins Coie** LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
Email:  JRiedinger@perkinscoie.com
          KZeck@perkinscoie.com

*Attorneys for Plaintiff PROPOKOP LABS, LLC,*
*a Washington limited liability company*

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2012, I served a draft of the CR 37(a)(1)(B)

submission, as well as the accompanying draft declaration of Kevin A. Zeck and draft exhibits

A-J to the Zeck declaration, on the following persons via the method indicated below:

| | | |
|---|---|---|
| Attorneys for Velo Enterprise Co., Ltd., Aidma Enterprise Co. Ltd., and Aidata USA Co., Inc.: | ☑ ☐ ☐ ☐ ☐ ☐ | by **CM/ECF** by **Electronic Mail** by **Facsimile Transmission** by **First Class Mail** by **Hand Delivery** by **Overnight Delivery** |
| Douglas Weinstein douglas.weinstein@finnegan.com Benjamin D. Bailey benjamin.bailey@finnegan.com William Dyer bill.dyer@finnegan.com Finnegan Henderson Farabow Garrett & Dunner LLP 303 Peachtree Street NE, Suite 3500 Atlanta, GA  30308-3263 Phone: (404) 653-6470 Fax: (404) 653-6444 | | |
| John H Jamnback jjamnback@yarmuth.com Yarmuth Wilson Calfo PLLC Fourth & Madison 925 Fourth Avenue, Suite 2500 Seattle WA  98104 Tel: (206) 516-3800 | ☑ ☐ ☐ ☐ ☐ ☐ | by **CM/ECF** by **Electronic Mail** by **Facsimile Transmission** by **First Class Mail** by **Hand Delivery** by **Overnight Delivery** |

/s/Kevin A. Zeck
Kevin A. Zeck

CR 37 SUBMISSION
(No. 2:07-cv-1094-MJP) – 18

CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2012, I served the foregoing document, the

Declaration of Kevin A. Zeck in support of the Prokop Labs, LLC's CR 37 Submission, the

Declaration of Benjamin D. Bailey opposing Prokop's CR 37 Submission, the exhibits attached

to the declarations of Kevin A. Zeck and Benjamin D. Bailey, and the Proposed Order Granting

CR 37 Submission, on the following persons via the method indicated below:

Attorneys for Belkin, Inc., formerly Belkin
Logistics, Inc.:
Ryan Yagura
  ryagura@omm.com
Vision L Winter
  vwinter@omm.com
Todd Fitzsimmons
  tfitzsimmons@omm.com
O'Melveny & Myers LLP
400 S Hope Street
Los Angeles, CA  90071-2899

☑ by **CM/ECF**
☐ by **Electronic Mail**
☐ by **Facsimile Transmission**
☐ by **First Class Mail**
☐ by **Hand Delivery**
☐ by **Overnight Delivery**

Michael A. Moore
  mmoore@corrcronin.com
Corr Cronin Michelson
  Baumgardner & Preece LLP
1001 Fourth Avenue, Suite 3900
Seattle, WA  98154-1051

☑ by **CM/ECF**
☐ by **Electronic Mail**
☐ by **Facsimile Transmission**
☐ by **First Class Mail**
☐ by **Hand Delivery**
☐ by **Overnight Delivery**

Attorneys for Staples, Inc. and Staples the
Office Superstore, LLC:
Ryan Yagura
  ryagura@omm.com
O'Melveny & Myers LLP
400 S Hope Street
Los Angeles, CA  90071-2899

☑ by **CM/ECF**
☐ by **Electronic Mail**
☐ by **Facsimile Transmission**
☐ by **First Class Mail**
☐ by **Hand Delivery**
☐ by **Overnight Delivery**

Michael A. Moore
  mmoore@corrcronin.com
Corr Cronin Michelson
  Baumgardner & Preece LLP
1001 Fourth Avenue, Suite 3900
Seattle, WA  98154-1051

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

| | | |
|---|---|---|
| Attorneys for S.P. Richards Co.: | ☑ | by **CM/ECF** |
| John M Bowler | ☐ | by **Electronic Mail** |
|   john.bowler@troutmansanders.com | ☐ | by **Facsimile Transmission** |
| Troutman Sanders LLP | ☐ | by **First Class Mail** |
| 600 Peachtree Street NE, Suite 5200 | ☐ | by **Hand Delivery** |
| Atlanta, GA  30308-2216 | ☐ | by **Overnight Delivery** |

| | | |
|---|---|---|
| Thomas R Merrick | ☑ | by **CM/ECF** |
|   tmerrick@mhlseattle.com | ☐ | by **Electronic Mail** |
| Merrick, Hofstedt & Lindsey, PS | ☐ | by **Facsimile Transmission** |
| 3101 Western Avenue, Suite 200 | ☐ | by **First Class Mail** |
| Seattle, WA  98121-3017 | ☐ | by **Hand Delivery** |
| Phone: (206) 682-0610 | ☐ | by **Overnight Delivery** |
| Fax: (206) 467-2689 | | |

| | | |
|---|---|---|
| Attorneys for Velo Enterprise Co., Ltd., | ☑ | by **CM/ECF** |
| Aidata USA Co. Inc., and Aidma Enterprise | ☐ | by **Electronic Mail** |
| Co. Ltd.: | ☐ | by **Facsimile Transmission** |
| Douglas Weinstein | ☐ | by **First Class Mail** |
|   douglas.weinstein@finnegan.com | ☐ | by **Hand Delivery** |
| Benjamin D. Bailey | ☐ | by **Overnight Delivery** |
|   benjamin.bailey@finnegan.com | | |
| William Dyer | | |
|   bill.dyer@finnegan.com | | |
| Finnegan Henderson Farabow | | |
|   Garrett & Dunner LLP | | |
| 303 Peachtree Street NE, Suite 3500 | | |
| Atlanta, GA  30308-3263 | | |
| Phone: (404) 653-6470 | | |
| Fax: (404) 653-6444 | | |

| | | |
|---|---|---|
| John H Jamnback | ☑ | by **CM/ECF** |
|   jjamnback@yarmuth.com | ☐ | by **Electronic Mail** |
| Yarmuth Wilsdon Calfo PLLC | ☐ | by **Facsimile Transmission** |
| Fourth & Madison | ☐ | by **First Class Mail** |
| 925 Fourth Avenue, Suite 2500 | ☐ | by **Hand Delivery** |
| Seattle WA  98104 | ☐ | by **Overnight Delivery** |
| Tel: (206) 516-3800 | | |

*/s/ Kevin A. Zeck*
_____
Kevin A. Zeck

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000